J-S19038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VERGUAN OPHER, | : | |
| | : | |
| Appellant | : | No. 672 EDA 2019 |

Appeal from the PCRA Order Entered February 22, 2019
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0011370-2013,
CP-51-CR-0011371-2013, CP-51-CR-0011407-2013

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JUNE 03, 2020**

Verguan Opher ("Opher") appeals, *pro se*, from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

Opher was charged, at three separate docket numbers, with murder and related charges, after shooting and killing a woman and injuring the woman's daughter, while attempting to kill another individual.

On January 14, 2015, Opher pled guilty, at three separate docket numbers, to one count each of third-degree murder, conspiracy, and firearms not to be carried without a license, and two counts of criminal attempt.[1]  The

---

[1] 18 Pa.C.S.A. §§ 2502(c), 903, 6106(a)(1), 901.

trial court sentenced Opher to an aggregate term of 30 to 60 years in prison. Opher did not file a direct appeal.

Opher filed the instant, *pro se*, PCRA Petition[2] on May 9, 2017. The PCRA court appointed Opher counsel. After a series of continuances, on July 12, 2018, the PCRA court issued Pa.R.Crim.P. 907 Notice of its intent to dismiss Opher's Petition without a hearing. Opher filed a *pro se* Response. On January 22, 2019, counsel filed a Motion to Withdraw as counsel. Counsel also subsequently filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).[3] On February 22, 2019, the PCRA court permitted granted counsel permission to withdraw, and dismissed Opher's Petition as untimely filed.

_____

[2] Although Opher titled his *pro se* filing a Petition for writ of *habeas corpus*, the PCRA court properly treated the Petition as one filed pursuant to the PCRA. **See** 42 Pa.C.S.A. § 9542 (providing that the PCRA is "the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies …, including *habeas corpus*").

[3] A copy of the **Turner**/**Finley** letter was also entered on the docket on May 7, 2018. However, it does not appear that a motion to withdraw as counsel was filed at that time.

Opher filed a timely Notice of Appeal[4] and a court-ordered Pa.R.A.P.

1925(b) Concise Statement of matters complained of on appeal.

On appeal, Opher raises the following questions for our review:

I. Whether [Opher's] mandatory minimum sentence of thirty (30) to sixty (60) years is *void ab ignition* [*sic*], and unconstitutional under both Article I, Sections 1, 9, 13, and 26 of the Pennsylvania Constitution, and the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution?

II. Whether [Opher] presented proof of actual innocence of sentence [*sic*], and to continue to subject him to serve a mandatory minimum sentence based on mandatory minimum statutes which have been deemed unconstitutional is a fundamental miscarriage of justice, and violates the Sixth, Eighth, and Fourteenth Amendments to the United States Constitution?

Brief for Appellant at iv.

---

[4] Opher's *pro se* Notice of Appeal lists all three docket numbers, and the docket sheets contained in the certified record indicate that the Notice of Appeal was filed at each docket number. On April 23, 2019, this Court issued a Rule to Show Cause why Opher's appeals should not be quashed pursuant to **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases."). Opher filed a *pro se* Response, asserting that the PCRA court failed to adequately inform him of the **Walker** requirements. This Court subsequently discharged the Rule to Show Cause. Here, the PCRA court's Order dismissing Opher's Petition, which listed all three docket numbers, advised Opher that he had "30 days from the date of this Order in which to file **an** appeal to the Superior Court of Pennsylvania." Order, 2/22/19 (emphasis added). Because the PCRA court's instruction regarding Opher's appeal rights constituted a "breakdown in the court system," we decline to quash Opher's appeal on this basis. **See Commonwealth v. Stansbury**, 219 A.3d 157, 158-60 (Pa. Super. 2019) (declining to quash appeal for failure to comply with **Walker**, where the trial court advised a *pro se* defendant to file "a written notice of appeal to the Superior Court[,]" and concluding that the court's misstatements amounted to a "breakdown in court operations").

Our standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

*Commonwealth v. Garcia*, 23 A.3d 1059, 1060 (Pa. Super. 2011) (citations omitted).

Initially, under the PCRA, a PCRA petition "shall be filed within one year of the date the judgment of sentence becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, … or at the expiration of time for seeking the review." *Id.* § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Opher's judgment of sentence became final in February 2015, when the time for filing a petition for allowance of appeal with the Pennsylvania Supreme Court expired. *See* Pa.R.A.P. 1113(a). Opher's Petition, filed more than two years later, is therefore facially untimely.

However, Pennsylvania courts may consider an untimely petition if the appellant can explicitly plead and prove one of three exceptions set forth under 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* § 9545(b)(2). "The PCRA petitioner bears the burden

of proving the applicability of one of the exceptions." ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017).

Opher fails to identify or invoke any of the timeliness exceptions set forth at section 9545(b)(1)(i)-(iii). Rather, both of Opher's arguments challenge the legality of his sentence. Although legality of sentence claims generally cannot be waived, "there must be a basis for our jurisdiction to engage in such review." ***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014). Because Opher failed to plead and prove an exception to the PCRA's timeliness requirements, we cannot address the merits of his claims.

Based upon the foregoing, the PCRA court did not err in dismissing Opher's Petition as untimely filed.

Order affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*



Date: <u>6/3/2020</u>